UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN MARTIN,

    Plaintiff,

v.                                           Case No. 8:22-cv-00640-TPB-UAM

ROBERT SABO dba
HOME SALOON,

    Defendant.
_____/

## **ORDER**

This matter comes before the Court upon Plaintiff's Motion for Attorney's Fees. (Doc. 41). Plaintiff JOHN MARTIN ("Plaintiff") initiated this action against Defendant ROBERT SABO dba HOME SALOON ("Defendant") pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") (Doc. 1). Namely, Plaintiff alleged that Defendant denied him "full and equal enjoyment of Defendant's services, facilities, and privileges" in failing to allow Plaintiff's service dog to enter Defendant's premises. *Id.* As a result, Plaintiff sought injunctive relief, attorney's fees, litigation expenses, and costs. (Doc. 1, ¶ 72). On July 21, 2023, following Defendant's failure to respond to Plaintiff's Complaint, a default judgement in favor of Plaintiff was entered in the amount of $5,000. (Doc. 37). Plaintiff now seeks reimbursement of his attorney's fees and litigation expenses. (Doc. 41).

Local Rule 7.01 prescribes a bifurcated procedure for determining attorney's fees, noting that "[a] party claiming post-judgment attorney's fees and related non-taxable expenses must obtain an order determining entitlement before providing a supplemental motion on amount." M.D. Fla. R. 7.01(a). Under 42 U.S.C. § 12205, reasonable attorney's fees and costs are available to the prevailing party of an ADA action at the Court's discretion:

> In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual.

42 U.S.C. § 12205; *see also* Caplan v. All Am. Auto Collision, Inc., 36 F.4th 1083 (11th Cir. 2022) (acknowledging right of prevailing party in ADA action to reasonable attorney's fees). Accordingly, having reviewed Plaintiff's motion and the filings therein, this Court finds that Plaintiff is entitled to the reasonable attorney's fees and costs expended during the course of this litigation.

For the foregoing reasons, it is hereby

ORDERED:

1. Plaintiff's Motion to Award Attorneys' Fees (Doc. 41) is granted.

2. Plaintiff shall file a supplemental motion for attorney's fees and costs that complies with Local Rule 7.01(c).

DONE AND ORDERED in Tampa, Florida, on this 27th day of December, 2023.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record