UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN MARTIN,

        Plaintiffs,

v.                                          Case No. 8:22-cv-00640-TPB-UAM

ROBERT SABO dba
HOME SALOON,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

This matter comes before the Court upon Plaintiff's Supplemental Motion for Attorney Fees (Doc. 47). By the Motion, Plaintiff JOHN MARTIN ("Plaintiff") seeks an award of $22,275 in attorney's fees and $493 in costs. Upon consideration, the undersigned recommends that Plaintiff's Motion (Doc. 47) be granted in part and denied in part.

**I.  Background**

On March 19, 2022, Plaintiff initiated this action against Defendant ROBERT SABO dba HOME SALOON ("Defendant") pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") (Doc. 1). Namely, Plaintiff alleged that Defendant denied him "full and equal enjoyment of Defendant's services, facilities, and privileges" in failing to allow Plaintiff's service dog to enter Defendant's premises. *Id.* As a result, Plaintiff sought injunctive relief, attorney's

fees, litigation expenses, and costs. (Doc. 1, ¶ 72). On July 21, 2023, following Defendant's failure to respond to Plaintiff's Complaint, a default judgement in favor of Plaintiff was entered in the amount of $5,000. (Doc. 37). On August 17, 2023, after receiving an extension, Plaintiff timely filed a Motion for Attorney's Fees, seeking a determination as to entitlement. (Doc. 41). Pursuant to Local Rule 7.01, this Court preliminary found Plaintiff was entitled to fees and costs[1] and directed Plaintiff to file a supplemental motion detailing same in compliance with Local Rule 7.01(c). (Doc. 45). Pending now before the Court is Plaintiff's Supplemental Motion for Attorney's Fees whereby Plaintiff seeks $22,275 in attorney's fees and $493 in costs. (Doc. 47).

## II.   Discussion

To calculate a reasonable award of attorney's fees, courts multiply the reasonable hourly rate by the reasonable hours expended[2]. *See Hensley v. Eckerhart*,

---

[1] As indicated in this Court's prior Order (Doc. 45), reasonable attorney's fees and costs are available to the prevailing party of an ADA action at the court's discretion. *See* 42 U.S.C. § 12205; *Caplan v. All Am. Auto Collision, Inc.*, 36 F.4th 1083 (11th Cir. 2022) (acknowledging right of prevailing party in ADA action to reasonable attorney's fees).

[2] When calculating the reasonably hourly rate and the number of compensable hours that are reasonable, courts in the Eleventh Circuit are guided by the factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *Norman*, 836 F.2d at 1299 (noting that the *Johnson* factors may still "be considered in terms of their influence on the lodestar amount"); *see Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (*per curiam*) ("In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in *Johnson* . . . ."); *see Loranger v. Stierheim*, 10 F.3d 776, 781 n.6 (11th Cir. 1994) (*per curiam*) (stating that "[a]lthough its balancing test has since been displaced by the lodestar formula, we have expressed our approval of district courts considering the *Johnson* factors in establishing a reasonable hourly rate"); *see also Hensley*, 461 U.S. at 434 n.9 (noting many of the *Johnson* factors "usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate"). These factors include: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services

461 U.S. 424, 433 (1983); *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). In determining this lodestar figure, a "reasonable hourly rate" consists of "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (citations omitted). In this context, "market rate" means the hourly rate charged in the local legal market by an attorney with expertise in the area of law who is willing and able to take the case, if indeed such an attorney exists. *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999). The fee applicant bears the burden of establishing the requested rates are in line with the prevailing market rates by producing direct evidence of rates charged in similar circumstances or opinion evidence of reasonable rates. *See Norman*, 836 F.2d at 1299. At a minimum, satisfactory evidence consists of more than the affidavit of the attorney performing the work; instead, "satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits." *Id.*

After determining the reasonable hourly rate, courts must then determine the number of hours reasonably expended on the litigation. In submitting a fee petition, counsel must exercise proper billing judgment and thus exclude any hours that are

---

properly; (4) the preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

"excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434; *Norman,* 836 F.2d at 1301. Accordingly, counsel may not bill any hours to their adversary which they would not bill to their client. *Hensley*, 461 U.S. at 434. Where the time or fees claimed appear expanded or lack documentation or testimonial support, a court may make a fee award based on its own experience and knowledge. *Norman,* 836 F.2d at 1303 (citation omitted).

### A. Reasonable Hourly Rate

Here, Plaintiff seeks compensation for her attorney Marcy LaHart at an hourly rate of $375. In support of her proposed hourly rate, Ms. LaHart that she has been engaged in the practice of law since 1992 and during this time has handled over one hundred discrimination cases under the Americans with Disabilities Act and the Fair Housing Act in both state and federal court. (Doc. 47-1, pp. 1-2). Moreover, Ms. LaHart maintains that she was recently awarded the sought hourly rate in a similar matter pending in the Southern District of Florida. (Doc. 47-1, p. 2). However, a reasonable hourly rate for ADA cases in Middle District of Florida, specifically in the Tampa Division, is $350 per hour. *See, e.g.*, *Bell v. Mallin*, No. 8:17-CV-2001-T-27AAS, 2019 WL 969815 (M.D. Fla. Feb. 28, 2019) (awarding an hourly rate of $350 where counsel had "over twenty-years experience in civil rights litigation, ha[d] conducted over fifteen trials in federal court, and ha[d] litigated hundreds of Title III ADA cases."); *Soriano v. C&N Mgmt. Inc.*, Case No. 8:16-cv-1351-T-30AEP, 2017 WL 2215674, at *2 (M.D. Fla. May 19, 2017) (adopting the parties' proposed $350 hourly rate as a reasonable rate in an ADA action in Tampa

involving an attorney who practiced law since 1995, with a concentration in civil rights litigation since 1996, including ADA cases); *Raetano v. Msawel*, Case No. 8:12-cv-1625-T-30TBM, 2013 WL 1465290, at *2 (M.D. Fla. Apr. 11, 2013) (finding a $350 per hour fee in an ADA action to be reasonable given the market in Tampa and counsel's extensive experience in civil rights actions); *Harty v. Bapuji, Inc.*, Case No. 8:10-cv-2720-T-27TBM, 2012 WL 2044970, at *3 (M.D. Fla. May 17, 2012), *report and recommendation adopted at* 2012 WL 2050373 (M.D. Fla. June 6, 2012) (awarding an unopposed hourly rate of $350 where the attorneys held lengthy experience in ADA cases); *Popa-Verdecia v. Marco Trucking, Inc.*, No. 8:18-CV-1869-T-02AEP, 2019 WL 527974 (M.D. Fla. Feb. 11, 2019) (same).  Given the prevailing rates in the Middle District of Florida, Tampa Division, and the undersigned's own knowledge and experience, the hourly rate will be reduced from the requested $375 to an hourly rate of $350.

### B. Reasonable Hours Expended

Plaintiff asserts that 59.4 hours were reasonably incurred by Ms. LaHart in obtaining a "money judgement for Plaintiff and an Injunction for the benefit of Plaintiff and other disabled individuals that rely upon service animals." (Doc. 47, p. 4). Notably, Defendant has not filed any response or objection to the requested relief. Accordingly, upon its own review of Ms. LaHart's billing records, this Court finds that none of the billing entries appear excessive, redundant, or otherwise unnecessary. (*See* Doc. 47-1). Based on the foregoing, the lodestar for Ms. LaHart's

fees is the reasonable hourly rate of $350 multiplied by the 59.4 hours reasonably expended, totaling $20,790.

### C. Costs

Finally, Plaintiff seeks an award of costs. As the prevailing party, Plaintiff is entitled to same. 42 U.S.C. § 12205; Fed. R. Civ. P. 54(d). In ADA cases, courts may award the costs permitted under 28 U.S.C. § 1920. Pursuant to 28 U.S.C. § 1920, the following costs may be taxed by a judge or clerk of any federal court:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920(1)-(6).

Here, Plaintiff seeks costs in the amount of $493. Of this amount, Plaintiff attributes $403 to the filing fee for this matter and $90 to service of the Complaint upon Defendant. Both the filing fee and service of process fee requested by Plaintiff in this action constitute taxable costs under 28 U.S.C. § 1920(1) and therefore should be awarded in part. *See Family Oriented Cmty. United Strong, Inc. v. Lockheed Martin Corp.*, No. 8:11-cv-217-T-30AEP, 2012 WL 6575348, at *1 (M.D. Fla. Dec.

17, 2012) (finding that "[f]ees of the clerk and marshal include filing fees and are clearly taxable").

As to the cost for filing, the undersigned recognizes that the current filing fee for a civil action in the Middle District of Florida is $405.00.[3] *See* http://www.flmd.uscourts.gov/fees-for-filing-a-case (last viewed on Mar. 12, 2024). As such, the $403 fee for the filing of this matter will be awarded to Plaintiff.

Likewise, a portion of the cost for service of process upon Defendant will be awarded to Plaintiff. In *EEOC v. W&O Inc.*, the Eleventh Circuit held that a court may tax private process servers' fees as costs, provided that their rates do not exceed the cost of having the U.S. Marshals Service effectuate service. 213 F.3d 600, 623–24 (11th Cir. 2000). The fee for process served or executed by the U.S. Marshals Service is $65 per hour. 28 C.F.R. § 0.114(a)(3). Here, Plaintiff requests $90 for his private process server but the documentation submitted by Plaintiff does not detail the server's hourly rate or the time expended to effectuate service. (*See* Doc. 6). Accordingly, the Court will limit the amount awarded for service upon Defendant to $65, the amount charged by the U.S. Marshals Service to effectuate service. *See Wiand v. Wells Fargo Bank*, *N.A.*, No. 8:12-cv-557-T-27EAJ, 2015 WL 12839237, at *8 (M.D. Fla. June 10, 2015) *report and recommendation adopted*, No. 8:12-CV-557-T-27EAJ, 2016 WL 355490 (M.D. Fla. Jan. 29, 2016) ("[W]hen the documentation from a private process server does not indicate the time expended to effectuate

---

[3] Indeed, the docket confirms Plaintiff paid the filing fee when initiating this action (Doc. 1).

service or does not indicate the additional costs incurred by the private process server, courts limit recovery to the hourly rate charged by the U.S. Marshal for service."). Therefore, Plaintiff is entitled to $468 in costs.

### III. Conclusion

For the foregoing reasons, it is hereby

RECOMMENDED:

1. Plaintiff's Supplemental Motion for Attorney Fees (Doc. 47) be GRANTED IN PART AND DENIED IN PART AS FOLLOWS:

    a. Plaintiff is awarded attorney's fees in the amount of $20,790.

    b. Plaintiff is awarded costs in the amount of $468.

IT IS SO REPORTED in Tampa, Florida, this 14th day of March 2024.

ANTHONY E. PORCELLI
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **Should the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.**

cc:   Hon. Thomas P. Barber
      Counsel of Record